```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

ANDRE LITTLE,

                   Defendant.

No. 19-cr-276-02 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Defendant Andre Little ("Defendant") is charged in a four-count indictment, filed on April 18, 2019, with (1) conspiring to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); (2) committing a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); (3) conspiring to distribute, and to possess with the intent to distribute, heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count Three); and (4) possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count Four). (Indictment, ECF No. 2.) Presently before the Court is Defendant's motion to sever Counts One and Two (the "Robbery Counts") from Counts Three and Four (the "Narcotics Counts"), pursuant to Rules 8(a) and 14 of the Federal Rules of Criminal Procedure.[1] (ECF No. 11.) For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

    As alleged in the Indictment, on or about August 13, 2015, Defendant, together with co-defendant Torren Stubbs ("Stubbs"), robbed several individuals of the proceeds of narcotics trafficking. (Indictment ¶¶ 1-2.) Separately, the Indictment charges that Defendant, from at least 2016 to December 2018, conspired to distribute, and to possess with the intent to distribute, 100

---

[1] As set forth in this Court's memorandum endorsement, dated March 6, 2020, Defendant's reply, if any, was due April 6, 2020. (ECF No. 21.) Because Defendant did not submit a reply on or before that date, and he has not sought any further extension of time to file a reply, the Court deems his motion fully submitted.

grams and more of heroin.  (*Id.* ¶¶ 3-5.)  In furtherance of that narcotics conspiracy, the Indictment alleges that Defendant also knowingly used, carried, and possessed a firearm.  (*Id.* ¶ 6.)  As Defendant notes, he is charged together with Stubbs in the Robbery Counts, while he is charged alone in the Narcotics Counts.  (Def.'s Mem. of Law in Supp. of Mot. to Sever ("Mot."), ECF No. 13, at 2.)

The Government avers that it expects the evidence at trial to demonstrate that some of Defendant's co-conspirators on the robbery charges also conspired with him to distribute narcotics. (Gov't's Opp. to Mot. to Sever ("Opp."), ECF No. 23, at 2.)  The Government has further represented that the evidence will establish that those co-conspirators observed Defendant carrying a firearm in furtherance of his drug dealing.  (*Id.*)

## DISCUSSION

Defendant first argues that "the only connection between" the Robbery Counts and the Narcotics Counts is the identity of the defendant, such that joinder under Rule 8(a) is improper. (Mot. 5.)  In opposition, the Government argues that the conduct underlying the Robbery Counts is of a similar character to the conduct underlying the Narcotics Counts.  (Opp. 2.)  The Court agrees.

An indictment may charge a defendant in separate counts with multiple offenses if those offenses are (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected with, or constitute parts of, a common scheme or plan.  Fed. R. Crim. P. 8(a).  As is relevant here, joinder under Rule 8(a) "is not limited to crimes of the 'same' character but also covers those of 'similar' character, which means "(n)early corresponding; resembling in many respects; somewhat alike; having a general likeness.'"  *United States v. Werner*, 620 F.2d 922, 926-27 (2d Cir. 1980) (internal citations omitted).  In assessing similarity, "Rule 8(a) does not require 'too precise an identity between the character of the offenses.'"  *United States v. Merchant*, No. 18-CR-

527 (KMW), 2019 WL 3774068, at *1 (S.D.N.Y. Aug. 12, 2019) (quoting *United States v. Pizarro*, No. 17-CR-151 (AJN), 2018 WL 1737236, at *3 (S.D.N.Y. Apr. 10, 2018)).  This is "a liberal standard" for the Government to meet, *United States v. McGrath*, 558 F.2d 1102, 1106 (2d Cir. 1977), particularly when compared to the "more restrictive test" used to assess the joinder of multiple defendants under Rule 8(b), *United States v. Turoff*, 853 F.2d 1037, 1042-43 (2d Cir. 1988)

When analyzing joinder under Rule 8(a), "no one characteristic is always sufficient to establish similarity of offenses, and each case depends largely on its own facts." *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991) (internal quotations and citations omitted).  Joinder is proper "where the same evidence may be used to prove each count." *Id.*  Similarly, joinder is proper where multiple counts "have sufficient logical connection" to each other.  *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir. 1990).  In making this assessment, a court may rely on both the facts alleged in the indictment and "the Government's pretrial representations of the evidence that will be presented at trial."[2]  *United States v. Garcesqui*, No. 10-cr-74(PKC), 2015 WL 5231168, at *2 (S.D.N.Y. Sept. 5, 2015), *aff'd*, 730 F. App'x 25 (2d Cir. 2018) (quoting *United States v. Ezeobi*, No. 10 Cr. 669(DLC), 2011 WL 3625662, at *1 (S.D.N.Y. Aug. 17, 2011)).

The Court here has little trouble concluding that joinder is proper under Rule 8(a).  As an initial matter, the Indictment makes it clear that the purpose of the robbery alleged in the Robbery Counts was to rob individuals of the proceeds of narcotics trafficking.  (Indictment ¶¶ 1-2.)  Moreover, the Government has averred that the evidence at trial will establish that certain co-conspirators to the robbery also conspired with Defendant to engage in the drug trafficking alleged in the Narcotics Counts.  (Opp. 2.)  The Government further notes that these co-conspirators will

---

[2] The Court agrees with the Government that Defendant's reliance on *United States v. Rittwegar*, 524 F.3d 171 (2d Cir. 2008) is misplaced.  *Rittwegar* specifically dealt with a severance motion brought under Rule 8(b), which, as alluded to above, uses more restrictive language than that found in Rule 8(a).

3

affirm that they observed Defendant possessing a gun in furtherance of that conspiracy. (*Id.*) Hence, there is sufficient logical connection, if not direct factual overlap, between the Robbery Counts and the Narcotics Counts, such that joinder of the various counts was proper.

Defendant nevertheless contends that severance is warranted under Rule 14 because he would be "prejudiced in his defense of" the Robbery Counts if the jury heard evidence related to the Narcotics Counts. (Mot. 6.) In response, the Government argues that Defendant has failed to establish "substantial prejudice" because the Indictment itself is charging that the alleged robbery was drug related. (*Id.*) In any event, the Government contends, Defendant's concerns can be cured with a limiting jury instruction. (*Id.*) The Court agrees.

"Even though distinct offenses have been properly joined under Rule 8, the court may order separate trials or grant severance under Rule 14 if it appears that the defendant is prejudiced by the joinder." *Werner*, 620 F.2d at 928; *see also* Fed R. Crim. P 14(a) (explaining that courts may "order separate trials of counts" in cases where "the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government"). To demonstrate that severance is proper, a defendant must establish substantial prejudice. *See United States v. Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991) ("The defendant must establish prejudice so great as to deny [him or her] a fair trial."). "Substantial prejudice does not simply mean a better chance of acquittal." *United States v. Potamitis*, 739 F.2d 784, 790 (2d Cir. 1984), *cert. denied*, 469 U.S. 934 (1984). Indeed, "[g]ranting separate trials under Rule 14 simply on a showing of some adverse effect . . . would reject the balance struck by Rule 8(a)." *Werner*, 620 F.2d at 929. Rather, the prejudice of a joint trial must constitute a "miscarriage of justice." *United States v. Miller*, 116 F.3d 641, 679 (2d Cir. 1997), *cert. denied*, 524 U.S. 905 (1998) (quoting *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993)). And "[e]ven in those rare instances where a defendant establishes a 'high' risk of prejudice, 'less drastic

measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *United States v. Felder*, No. S2 14 Cr. 546 (CM), 2016 WL 1659145, at *4 (S.D.N.Y. Apr. 22, 2016) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

Here, the primary basis Defendant advances for severance under Rule 14 is that, if both the Robbery Counts and Narcotics Counts are tried together, a jury will conclude that his robbery was drug related and thereby impute motive improperly. (Mot. 6.) Essentially, the gist of this argument is that his defense of the Robbery Counts would be prejudiced by spillover evidence emanating from the Narcotics Counts. However, even if there would undoubtedly be some adverse effect in the jury hearing evidence specifically related to the Narcotics Counts, Defendant has failed to establish that any prejudice from having all four counts tried together would rise to the level of "substantial prejudice." *See Felder*, 2016 WL 1659145 at *4 ("While there is little doubt Felder would be better off if the jury did not hear all the bad things he is alleged to have done in each of the counts[,] that is not the type of prejudice that warrants severance."). And even assuming such prejudice existed, Defendant has not established that it could not be rectified by limiting instructions to the jury.[3]

---

[3] Defendant quotes *Bruton v. United States*, 391 U.S. 123 (1968) for the proposition that it is a "naïve assumption that prejudicial effects can be overcome by instructions to the jury." (Mot. 6.) But the Court in *Bruton* had specifically held that limiting instructions could not overcome the "prejudicial effects" stemming from the admission into evidence of an extrajudicial confession by a codefendant that implicated defendant, which the Court determined violated defendant's constitutional right to confrontation. *Id.* at 123; *see also United States v. Wimbley*, 18 F. App'x 24, 27 (2d Cir. 2001) (explaining that the Supreme Court in *Bruton* held that "the introduction of a co-defendant's guilty plea that facially incriminated the defendant violated the Sixth Amendment right to cross-examination of witnesses" and, "in such circumstances, limiting instructions to the jury cannot counteract the prejudicial effects of the evidence"). It said nothing about the ability for limiting instructions, in general, to cure any prejudice from spillover evidence. *Cf. Zafiro* at 539 (recognizing that, even where the risk of prejudice exists with regard to the admissibility of evidence against co-defendants, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice"). Nor is *United States v. Riggi*, 541 F.3d 94 (2d Cir. 2008) of any help. That case stands for the similar proposition that limiting instructions cannot cure the "overwhelming" prejudicial spillover of erroneously admitting plea allocutions from non-testifying co-conspirators. *Id.* at 104. Again, that is not the situation presently before the Court.

In conclusion, the joinder of the Robbery Counts and Narcotics Counts was proper, and Defendant has failed to establish he would suffer substantial prejudice if tried on all four counts in one trial. Accordingly, Defendant's motion to sever is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 11.

Dated:   July 9, 2020
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge